STATE *vs.* FRANK KURAS.

MARCH 31, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a criminal complaint for violation of a city ordinance. A jury in the superior court found the defendant guilty and thereafter the trial justice denied his motion for a new trial. The case is here on the defendant's exceptions to such denial and to other rulings made before and during the trial.

The complaint charged that defendant "did dump combustible material on to wit; Legion Way, in violation of Section 1 of Chapter 10 of the Cranston City Ordinances." Section 1 reads as follows: "It shall be unlawful for any person to throw or deposit, or to cause or permit to be thrown or deposited any decomposable organic matter which might create a nuisance or act as a breeding place for flies, mosquitoes or vermin or as food for rats, discarded receptacles capable of holding water, or any combustible material which might serve to increase danger of fire upon any vacant land in the city unless such land shall have previously been designated by the superintendent of health as a proper and suitable place for such use."

The defendant moved to quash the complaint on the ground that such section was inconsistent with general laws 1938, chapter 225, §8. The trial justice denied the motion and defendant duly excepted to such denial. At the outset of the trial he sought consideration of a demurrer to the complaint on the ground of unconstitutionality of the ordinance. The trial justice refused to rule on such demurrer for the reason that it came too late after the case had been assigned and just as it was going to trial. The defendant has prosecuted his bill of exceptions to such rulings, to others relating to the admission of certain evidence, and to the denial of his motion for a new trial.

Each exception relied on has been fully briefed and argued, but on our view of the evidence it will not be neces-

sary to pass on the validity or constitutionality of the ordinance or on the admission of the evidence objected to by defendant. From our reading of the transcript we think that the case may be properly disposed of by considering only the exception to the denial of the motion for a new trial.

We are of the opinion that the verdict is clearly contrary to the evidence and does not do substantial justice between the parties. The complaint charges that defendant violated the ordinance in that he did dump combustible material *on Legion Way*. There is no evidence in the record to support such a charge. There is evidence that defendant dumped certain material in a hole or depression on a vacant lot 30 to 40 feet off Legion Way but not on the Way itself. Such evidence was of no value to prove the complaint as drawn. To support a verdict of guilty it was the state's duty to prove a dumping on Legion Way by the defendant, as it had specifically charged in the complaint. In our opinion the trial justice erred in failing to grant the motion for a new trial on the ground that the verdict was against the evidence.

The defendant's exception to the denial of his motion for a new trial is sustained, and the case is remitted to the superior court for a new trial.

*William E. Powers, Atty. Gen., Edward A. Capomacchio, Special Counsel,* for State.

*Aram K. Berberian,* for defendant.